UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LUIS MANGUAL,
                              Plaintiff          DECISION AND ORDER
-vs-
                                                 05-CV-6356 CJS
LESTER M. WRIGHT, et al.,
                              Defendants
_____

INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 in which the plaintiff, a prison inmate who suffers from a chronic Hepatitis-C infection and cirrhosis of the liver, contends that defendants are acting with deliberate indifference to his serious medical needs, in violation of the 8th Amendment to the United States Constitution, by failing to provide him with the proper medical treatment. Now before the Court is plaintiff's application [#7][#11] for a preliminary injunction. For the reasons that follow, the application is denied.

BACKGROUND

The following facts are taken from the parties' submissions in connection with plaintiff's preliminary injunction application [#7][#11][#15]. Plaintiff suffers from Hepatitis C, stage 4, indicating that his hepatitis condition has advanced to cirrhosis of the liver. However, plaintiff has "compensated cirrhosis," meaning that the liver is functional. Defendants treated plaintiff for several months with a combination of the

medications Peginterferon (Pegasys) and Ribavirin (Copegus). According to the affidavit [#15] of Cheng Yin, M.D., a physician at Elmira Correctional Facility, this combination treatment is currently the best treatment for individuals with Hepatitis C and compensated liver disease, however, it is only effective in 40-60% of patients. Plaintiff did not respond to the combination therapy. Consequently, defendants discontinued the treatment and referred plaintiff to a liver specialist for further treatment options.[1] Plaintiff was seen by a new physician, the liver specialist, apparently, on December 14, 2005. However, as of December 26, 2005, he had not begun receiving any new treatment. Plaintiff asks the Court to "restrain defendants until a hearing is held for a proper determination as to whether his serious medical needs are being met," however he has not submitted any medical proof in support of his claim nor has he requested any specific relief.

### STANDARDS OF LAW

The standard for obtaining a preliminary injunction is well settled:

> To obtain a preliminary injunction, a plaintiff must establish: (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly in its favor.

*Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005) (citation and internal quotation marks omitted).

---

[1] According to defendants, some experimental treatments are currently being evaluated by the medical community, however, "these approaches remain experimental and few have been applied to humans." Aff. of Cheng Yin, M.D. [#15] ¶ 12.

ANALYSIS

Here, plaintiff has offered no evidentiary proof to support his claim that defendants are failing to provide him with proper medical treatment, let alone that they are doing so with deliberate indifference toward him. Rather, he merely states, in conclusory fashion, that he is not being treated properly, and asks to Court to inquire into the situation.[2] On the other hand, defendants have submitted an affidavit from a medical doctor, indicating that plaintiff is receiving appropriate medical care. Accordingly, the Court finds that plaintiff is not entitled to the extraordinary relief that he seeks.

CONCLUSION

Plaintiff's application for injunctive relief [#7][#11] is denied. By separate Order the Court will refer this matter to a Magistrate Judge, who will oversee all pretrial matters.

SO ORDERED.

Dated:     Rochester, New York
           January 17, 2006

                              ENTER:


                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge

---

[2] As the Court was preparing this Decision and Order, it received a request from the plaintiff, dated January 11, 2006, seeking additional time to respond to his own application for a preliminary injunction. Plaintiff apparently misunderstood the Court's previous Order [#10], which directed *defendants* to respond to the application by January 9, 2006. Plaintiff's request is therefore denied as unnecessary.